UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JASON ALLEN MCGOLDRICK, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 06-54-B-W |
| | ) |
| THOMAS FARRINGTON, et al., | ) |
| | ) |
| Defendants | ) |

### RECOMMENDED DECISION ON MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS

Jason McGoldrick brought this civil rights action complaining that, one, he suffered cruel and unusual punishment at the Maine State Prison when he lost mattress privileges while housed in the Special Management Unit and, two, his due process rights were infringed when the prison staff did not respond to his grievance within the time limits set forth in the prison's grievance policy. The defendants have filed a motion for summary judgment (Docket No. 19) and a motion to dismiss (Docket No. 21). As to both motions McGoldrick has filed no response. For the reasons below, I recommend that the Court grant the motion to dismiss. The motion for summary judgment would then be moot. If the Court does not agree with this recommendation apropos the motion to dismiss, I recommend that the Court grant the motion for summary judgment only as to McGoldrick's request for injunctive relief on his claim that pertains to conditions on the Special Management Unit.

### *DISCUSSION*

In the motion to dismiss the defendants argue that McGoldrick's complaint fails to state a claim upon which relief can be granted. Their arguments as to the Eighth Amendment claim include an

assertion that McGoldrick has not alleged any physical injury resulting from the removal of his mattress. The law is: " No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C.§ 1997e(e). Under the liberal pleading rule of Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-13 (2002), I might hesitate to dismiss McGoldrick's complaint out of hand, see Pomerleau v. West Springfield Public Schools, 362 F.3d 143, 145-46 (1st Cir. 2004). However, McGoldrick has not attempted to respond to the defendants' argument that he cannot meet the showing required by 42 U.S.C. § 1997e(e) and the trial court does have discretion to dismiss the action based on a party's unexcused failure to comply with the local rule as long as the party to be so sanctioned has fair notice of the court's intended action and the sanction does not offend equity. Pomerleau, 362 F.3d at 145 n.1; Dist. Me. Local R. 7(b). Given McGoldrick's failure to respond to the motion, I have determined that as to his Eighth Amendment claim it is appropriate to exercise discretion in this fashion.[1]

With respect to McGoldrick's Fourteenth Amendment claim that his rights to due process were infringed when the defendants did not respond to his grievances within the time-frame set forth in the grievance policy (but apparently ultimately tendered responses), I agree with the defendants that compliance with the grievance response time limitations by prison staff does not create a liberty interest protected by the Fourteenth Amendment. See Sandin v. Conner, 515 U.S. 472, 484 (1995) ("[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while

---

[1] Equity is not offended in this case given the fact that McGoldrick will have the opportunity to respond to this recommendation.

not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.")(citations omitted); Dominique v. Weld, 73 F.3d 1156 (1st Cir. 1996) (extensively discussing Sandin and concluding that loss of work release privileges did not affect a state-created liberty interest protected by the due process clause; see also McGuinness v. Dubois, 75 F.3d 794, 799 n.5 (1st Cir. 1996) ("To the extent that the prison officials arbitrarily violated their own state law regulations, it would appear that McGuinness could have pursued state judicial review.") (citing Sandin, 515 U.S. at 487 n.11).

Regarding the defendants' case for summary judgment, the sole fact propounded by the defendants is: "The plaintiff was moved from the Special Management Unit at the Maine State Prison to the Protective Custody Unit on November 23, 2005 and has been housed there ever since." (Defs.' SMF ¶ 1.)  Their argument is that McGoldrick does not now have standing to seek injunctive relief concerning conditions in the Special Management Unit.  Should the Court disagree that the complaint should be dismissed as to his Eighth Amendment claim,[2] the defendants are entitled to summary judgment for the reasons and on the authority set forth in their motion on the claim for injunctive relief relating to the Special Management Unit.  (See Mot. Summ. J. at 2-3.)

## *Conclusion*

I recommend this motion to dismiss (Docket No. 21), because unopposed, be **GRANTED**.  Should the Court disagree with this recommendation, I recommend that the Court grant the motion for summary judgment as to McGoldrick's request for injunctive relief for the portion of his complaint that

---

[2] The claim concerning the grievance response does not appear to relate to McGoldrick's status as an inmate on the Special Management Unit.

3

relates to conditions on the Special Management Unit.

<u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) (1993) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

October 27, 2006                             /s/ Margaret J. Kravchuk
                                             U.S. Magistrate Judge